OCT. 1800

M'Kim
vs.
Marshall

THE COURT admitted such discharge to be legal, and the defendant was released from the execution (a).

*Winchester,* for the plaintiff.

*Mason,* for the defendant.

Bail discharged on evidence being produced of the release of the principal under the insolvent law of another state.

(a) In the case of *Harrison vs. Young,* at May term, 1788, a similar decision appears to have been given. In that case a *non est* was returned upon a *ca. sa* issued upon a judgment rendered in this court. The *special bail* of the defendant suggested to the court, that the defendant was a citizen of the state of *Pennsylvania,* and had complied with the laws of that state relative to bankrupts and bankruptcies, and obtained a certificate of such conformity, and an allowance of the said certificate by the president of the said state, pursuant to the said laws; all which appeared to the court by the record of the proceedings produced.

HARRISON, Ch. J. and GOLDSBOROUGH, J. decided, that the *special bail* in the action, was by such certificate discharged from his undertaking for the defendant.

*Ridgely,* for the plaintiff.

*Martin,* (Attorney General,) for the special bail,

## GENERAL COURT, OCTOBER TERM, 1800.

### STEVENSON *vs.* MYERS.

On the execution of a commission to take the depositions of witnesses, in answer to one of the interrogatories, a witness stated that in his opinion his deposition taken at another time contained his knowledge, &c. Which deposition was set forth by the commissioners—Held, that it was incompetent, and could not be read in evidence.

DEBT upon a writing obligatory. The defendant pleaded general and special *non est factum.*

The plaintiff, at the trial, offered to read in evidence to the jury, the answer of *Andrew Havner,* to the plaintiff's fourth interrogatory, annexed to a commission issued in this cause to take depositions, and therewith returned to this court, to wit: "Interrogatory the 4th. Declare your whole knowledge touching and concerning the said bond, and the execution thereof by the said *Myers,* and relate every circumstance touching the same in a full and complete manner."

"To the fourth interrogatory he answereth and saith, that in his opinion his deposition taken before *John Hunter,* Esquire, of Hancock-town, Washington county, Maryland, contains his knowledge fully, (as to the fourth interrogatory;) which deposition is in the following words, viz. The deposition of *Andrew*

*Havner*, aged about 38 years, being first duly sworn," &c. copying the said deposition.

Oct. 1800

Stevenson
vs.
Myers

BUT THE COURT [*Chase*, Ch. J. & *Duvall*, J.] were of opinion, that the same was incompetent, and could not be read in evidence, and refused to permit the same to be read to the jury. The plaintiff excepted.

*Key* and *Harper*, for the plaintiff.

*Martin*, (Attorney General,) and *Shaaff*, for the defendant.

# GENERAL COURT, OCTOBER TERM, 1800.

## CAWOOD *vs.* WHETCROFT, *Adm'r.* of HANSON.

THIS was an action of *assumpsit*. The writ issued on the 11th of January 1797, and the declaration contained sundry counts. The defendant pleaded several pleas, and amongst others, *non assumpsit intestatoris infra tres annos.* The plaintiff replied to this plea, that he did, within three years after the cause of action accrued, to wit, on the 1st of March 1784, for the recovery of the damages, &c. prosecute a writ of *capias ad respondendum* out of Charles county court, against the intestate, and the proceedings in the said action were set out, shewing that the same was referred to arbitrators in 1786, and that no award being returned, it was at the instance of the plaintiff, by order of the court, *struck off* in August 1796, and that the present suit was brought within one year afterwards, to wit, on the 11th of January 1797. The defendant demurred to the replication; And

The act of limitations is a bar to an action brought within one year after a former action had been *struck off.*

THE GENERAL COURT ruled the demurrer good; and gave judgment for the defendant.

*Martin*, (Attorney General,) and *Ridgely*, for plaintiff.

*Kilty* and *Shaaff*, for defendant.